Nash, C. J.
 

 The action is in case, brought under the act of 1856, Rev. Code, ch. 34, sec. 81, for harboring a slave, the property of the plaintiff It is settled, by several cases in this Court, that to support such an action, it must be proved that the act was done secretly. The first case is that of
 
 Dark
 
 v. Marsh, 2 Car. Law. Repos. 249; this was followed by that of
 
 Thomas
 
 v. Alexander, 2 Dev. and Bat. Rep. 385 ;
 
 State
 
 v. Hathaway, 3 Dev. and Bat. Rep. 125, and finally by
 
 State
 
 v.
 
 Burk,
 
 4 Jones’ Rep. 7. This decision was made at December Term, 1856.
 

 His Honor instructed the jury, that they must be satisfied the act of the defendant was done secretly, as well as fraudu-dently. To this, the plaintiff excepts. We see no error. The act of 1856, does not contain the word
 
 “
 
 secret,” but the construction put upon it by our courts in defining the word “ harboring,” is founded on correct reasoning, and cannot now be departed from. The opinion of his Honor is in exact conformity with the opinion of the Court in
 
 Dark
 
 v. Marsh,
 
 ubi supra.
 

 
 *105
 
 ■ His Honor has set forth in the case the evidence given on the trial. The defendant carried the slave Henry to one of the most public places in the western part of the State, the Salisbury depot of the rail-road, and told Mr. Holt, the agent of the company, that Henry was the property of the plaintiff; was on his way to South Carolina to see his wife, and that he had a pass, and handed to the agent-a paper as such pass. The defendant could not read writing. After he had purchased a ticket for the negro, he said, “ we will now go to the livery stable and camp.” To Mr. Bell, the keeper of the livery stable, he told to whom Henry belonged, and where he was going. Subsequently, he told the plaintiff fully what 'he had done. It is impossible for this evidence, under the decisions of our Court, to bring McDaniel within the operation of the statute. There is no error.
 

 Per Curiam, Judgment affirmed.